**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SANTOS OSCAR FUENTES-GRANADOS,** § | | |
| **#A026-946-149 and A074-696-933,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:09-CV-1072-P |
| § | | |
| **JANET NAPOLITANO, et al.,** § | | |
| Respondents. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

On June 9, 2009, Petitioner Santos Oscar Fuentes-Granados ("Fuentes-Granados"), through his retained counsel, filed a mixed "Petition for Writ of Habeas Corpus *and* Complaint for Declaratory and Injunctive Relief (With Temporary Restraining Order)" along with the $350.00 filing fee. (Doc. #1). At the time of filing the petition, Fuentes-Granados, a native of El Salvador, was a detainee of Immigration Customs Enforcement (ICE) subject to a final order of removal. On June 23, 2009, ICE released Fuentes-Granados in order to permit the United States Citizenship and Immigration Services (CIS) to consider an application for extension of voluntary departure. On June 30, 2009, Respondents filed a motion to dismiss the petition as moot, and the complaint for declaratory and injunctive relief for lack of jurisdiction. Petitioner has not

responded.[1]

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.' " *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)). When a petitioner does not attack the validity of his conviction, but merely contests the imposition and duration of his confinement, the case becomes moot when he is no longer confined. *Lane v. Williams,* 455 U.S. 624, 631 (1982). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *American Med. Ass'n v. Bowen,* 857 F.2d 267, 270 (5th Cir. 1988).

The only ground for habeas relief sought in this action was release from custody. Since ICE released Fuentes-Granados on June 23, 2009, his request for habeas relief is now moot and the court lacks jurisdiction to consider his petition further.

In addition to habeas corpus relief, Fuentes-Granados requests declaratory and injunctive relief under the Family Unit Program, § 301 of the Immigration Act of 1990. (Pet. 1-2 and 5-7). He also requests a temporary restraining order.

A party seeking a temporary restraining order or a preliminary injunction must prove each of the following elements: (1) that there is a substantial likelihood that the movant will

---

[1] It is unclear why Petitioner was permitted to proceed with a mixed habeas petition and complaint. In any event, by the time this case was brought to the attention of the undersigned and formally referred, Respondent's motion to dismiss had been pending for over a month. At this juncture, ruling on Respondent's motion to dismiss is the most expedient way to dispose of this case.

prevail on the merits; (2) that there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendant; and (4) that the granting of the preliminary injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Petitioner cannot meet the above standards. Nor has he alleged a sufficient jurisdictional basis for his claims of declaratory and injunctive relief. Therefore, his requests for a temporary restraining order and declaratory and injunctive relief should be denied.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Respondents' motion to dismiss be GRANTED and that the petition for a writ of habeas corpus be DISMISSED for want of jurisdiction, the same being moot.

It is further recommended that Petitioner's request for a temporary restraining order and for declaratory and injunctive relief be DENIED.

A copy of this recommendation will be transmitted to counsel for Petitioner and Respondents.

Signed this 3rd day of September, 2009.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific

3

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.